IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Ms. Denise Arnot** | * | |
|     **Plaintiff** | * | |
| v. | * | Case No.  JKB 14-1073 |
| **Ms. Charlotte Crenson** | * | |
|     **Defendant** | * | |
| _____ / | | |

## PLAINTIFF'S OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE MOTION TO DISMISS

Plaintiff, Denise Arnot, through undersigned counsel, opposes Charlotte Crenson's request to extend her time to file a Motion to Dismiss, and for good cause states as follows:

1. This is a case of retaliation by a government employee (an animal control director) against a citizen (a member of a cat rescue organization looking to save cats from euthanasia and shelter illness, and network those cats to the community).  Plaintiff was banned from rescuing cats after she had the temerity of complaining (in a courteous manner) to Defendant about poor shelter conditions and the near-fatal conditions of the cats in their care.  The overall operation of Baltimore County Animal Services (BCAS) has been a matter of great public concern, involving public protests/picketing, petitioning and lobbying of government officials.  The protests have received considerable media coverage.

2. Plaintiff, and her counsel, generally look to extend time and allow other such courtesies.  Plaintiff has agreed to allow Defendant to answer her complaint by June 2, 2014.  But under *the* circumstances described below, Defendant does not believe that Defendants requires an extension of time nor is deserving of one.

3. Plaintiff principally opposes the instant Motion because she believes that members of Baltimore County government (possibly its Law Department) have been contacting members of Baltimore's animal rescue community and requesting that they turn over their private communications (emails) between themselves and the Plaintiff.

4. These requests have nothing to do with the merits of why the Defendants banned Plaintiff and Fancy Cats Rescue Team from rescuing animals from BCAS, after Plaintiff complained about the institutional neglect and mistreatment of cats in the care of BCAS. These requests have nothing to do with any qualified immunity that Defendant may attempt to claim.

5. But these requests are highly intimidating to the rescue community, especially those who have witnessed Defendant's termination of rescue privileges of the Plaintiff. When undersigned counsel presented this issue to Defendant's counsel, no denial was made as to these claims.

6. If Defendant must obtain such private messages, it is fair for its do so in the course of discovery and provide third-parties with the required language provided under Fed.R.Civ.P. 45. Obtaining these messages are not necessary for Defendant to form a basis to admit or deny the allegations filed against her.

7. This case has been reported on in the press since early April 2014 and has been known to Baltimore County. Defendant has been provided a sufficient period of time to file a motion to dismiss, and Defendant should not be granted an extension of time to place extra-judicial pressure on the rescue community, in the form of requests for communications between third-parties and the Plaintiff.[1]

---

[1] This behavior is highly intimidating. Members of the rescue community may believe that refusal to comply may result in future difficulties in their own ability to rescue animals from BCAS.

8.      WHEREFORE, Plaintiff requests that the Court decline its discretion to grant an extension of time for Defendant to file a Motion to Dismiss.

Respectfully submitted,

_____
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, Maryland 20852
(301) 251-3752
(301) 251-3753 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May, 2014, a copy of the foregoing Opposition to Motion for Extension of Time, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.

_____
Howard B. Hoffman